**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION**


**UNITED STATES OF AMERICA**


**V.**                                    **CASE NO.  4:13CM00129**


**FADI QTUOF**


**ORDER**

Pending are the Defendant's Motion for Revocation of Detention Order, (docket # 1) and

reply and supplement to the United States' response to motion for revocation of detention order,

(docket # 9).  The government has filed a response to the original motion and a sur-reply to the

Defendant's reply and supplement, (docket #'s 4 and 11).   After reviewing a transcript of the

detention hearing held before Magistrate Judge H. David Young on August 27, 2013, the

exhibits and evidence presented along with a review of the pleadings, the Court finds that the

motion should be denied.

Defendant's motion seeks revocation of Magistrate Judge Young's August 27, 2013

Detention Order pursuant to The Bail Reform Act of 1984 and *United States v. Maull*, 773 F.2d

1479 (8th Cir. 1985) (*en banc*).  The Defendant was charged in a criminal complaint with

conspiracy to distribute and possess with intent to distribute controlled substances and analogues

of controlled substances, in violation of 21 U.S.C. § 846.   Magistrate Judge Young detained the

Defendant finding that (1) there is a serious risk that the defendant will not appear, and (2) there

is a serious risk that the defendant will endanger the safety of another person or the community.

1

Judge Young found by clear and convincing evidence that:

> In July of 2012 Defendant was arrested and charged in State Court on charges related to the ones in the instant complaint. He was released by the State Court and subsequent to his release probable cause exists that Defendant continued to actively participate as the leader in a drug conspiracy. There is also the existence of a substantial amount of unaccounted for cash which could be resources utilized to leave the country and many of Defendant's contacts are outside the country as evidence by his recent travel. The Court credits him for the fact that he returned to this district after having been given permission to leave the country for eye surgery, but this fact does not overcome the fact that he engaged in a drug conspiracy while previously on state release and there is reason to believe he would return to his illegal business if released again.

*See* Case No. 4:13MJ004026, Doc. #11

On September 11, 2013, the Grand Jury for the Eastern District of Arkansas returned a Superseding Indictment charging the Defendant with conspiracy to distribute and possess with intent to distribute controlled substances and analogues of controlled substances, in violation of 21 U.S.C. § 846; two counts of distribution and possession with intent to distribute controlled substances and analogues of controlled substances, in violation of 21 U.S.C. § 841(a)(1); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Defendant argues that the government failed to establish by clear and convincing evidence that there is no condition or combination of conditions which will assure the safety of the community and that the government did not establish by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure his appearance in court.

This Court reviews a Magistrate Judge's detention order *de novo*. 18 U.S.C. § 3145(b);

*United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*). The Court may conduct evidentiary hearings if "necessary or desirable." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court finds that a hearing on this motion is not necessary.

When probable cause demonstrates that the defendant committed a violation of the Controlled Substances Act which carries a maximum term of imprisonment of ten years or more a rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Here, the rebuttable presumption applies as Defendant is charged with an offense under 21 U.S.C. § 846, which carries a maximum penalty of more than ten years. The defendant has the "burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir.2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001)). Once the burden of production is met, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* The Court will proceed as though the Defendant met his burden of production and will consider the presumption as a factor to be weighed in determining whether detention is appropriate.

When determining if there are conditions of release which will reasonably assure the appearance of a defendant at trial and the safety of the community, the Court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the nature and seriousness of

the danger to the community or to an individual that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Based upon the evidence presented at the detention hearing, the Defendant is charged with acting as a leader in a drug trafficking conspiracy involving firearms. Illegal drugs and firearms were recovered during the execution of a search warrant on a business in which the Defendant claims an ownership interest. The evidence demonstrates that the Defendant was arrested on State charges, was released on bond and while on bond was involved in two controlled buys. The evidence indicates that there is a substantial amount of unaccounted for cash which could be used by the Defendant to leave the country and many of his contacts are outside the country as evidence by his recent travel.

The Court finds by clear and convincing evidence that the Defendant is a danger to the community and that there are no conditions that adequately mitigate these concerns. The Court concludes that "no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

IT IS SO ORDERED this 11th day of October, 2013.

James M. Moody
United States District Judge

4